

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA, and )
STATE OF GEORGIA ex rel. )
CAPITOL ANESTHESIOLOGY, P.C.; )
JAN KERSEY and HERBERT E. )
ROBBINS, III a/k/a Edward Robbins, )
Testamentary Executor of the Estate )
Of Kathleen Hartney-Velasco, MD; )           Civil Action No.
                                   )           1:11-cv-2513-SCJ
         Plaintiffs-Relators,      )
                                   )
v.                                 )           FILED *EX PARTE*
                                   )           AND UNDER SEAL
STANFORD PLAVIN, M.D.; )
AMBULATORY ANESTHESIA OF )
ATLANTA, LLC; AMBULATORY )
ANESTHESIA OF ATLANTA, PC, )
NORTHSIDE ANESTHESIOLOGY )
CONSULTANTS, LLC, NORTHWEST )
GEORGIA ORTHOPEDIC SURGERY )
CENTER, LLC; UNITED SURGICAL )
PARTNERS INTERNATIONAL, INC.; )
SURGICAL CARE AFFILIATES, LLP; )
SURGICAL CARE AFFILIATES )
PERIMETER SURGERY CENTER; )
GASTROINTESTINAL SPECIALISTS )
OF GEORGIA, II, LLC; GI DIAGNOSTICS )
ENDOSCOPY CENTER; ENDOSCOPY )
CONSULTANTS, LLC; DCA )
DIAGNOSTICS, LLC; DAVID )
FINKELMAN, M.D.; ARIF AZIZ, MD; )
GEORGIA ENDOSCOPY CENTER, LLC; )
WELLBROOK ENDOSCOPY CENTER PC; )

1

A. STEVEN MCINTOSH, M.D., DAVID N. )
SOCOLOFF, DO; CENTER FOR            )
DIGESTIVE AND LIVER HEALTH, LLC,    )
THE ENDOSCOPY CENTER, LLC, and      )
JOHN DOES 1-50, jointly and severally, )
                                    )
            Defendants.             )

## ORDER

WHEREAS the United States of America (the "United States") and the State of

Georgia ("Georgia") (collectively, the "Government") have partially intervened in

this action with regard to allegations against defendants Stanford Plavin, M.D.

("Plavin"); The Endoscopy Center, LLC ("ENDO"); Northwest Georgia Orthopedic

Surgery Center, L.L.C. ("NWGA"); United Surgical Partners International, Inc.

("USPI"); Wellbrook Endoscopy Center, P.C.; A. Steven McIntosh, M.D.; and David

N. Socoloff, D.O. (the "Wellbrook Parties") for the purpose of effectuating settlement

agreements between the United States, the State of Georgia, the Relators and the

above-named defendants;

WHEREAS the Government has declined to intervene as to all other

allegations and claims asserted in the above-styled *qui tam* action;

WHEREAS the Government and the Relators have filed a joint stipulation of

dismissal with regard to allegations against Plavin; ENDO, NWGA, USPI, and the

Wellbrook Parties; as well as all remaining claims asserted in the above-caption *qui tam* action; and

WHEREAS the Court previously has, upon joint stipulation by the Government and the Relators, dismissed the claims asserted against Northside Anesthesiology Consultants, LLC (Doc. 25); Georgia Endoscopy Center, LLC and Endoscopy Consultants (Doc. 32); Ambulatory Anesthesia of Atlanta, LLC and Ambulatory Anesthesia of Atlanta, PC (Doc. 37); Arif Aziz, M.D.; G.I. Diagnostics Endoscopy Center, LLC; DCA Diagnostics, L.L.C.; Gastrointestinal Specialists of Georgia, P.C.; and David Finkelman, M.D. (Doc. 53) pursuant to the terms of those joint stipulations  (Docs. 22, 27, 29, 35, 50);

IT IS HEREBY ORDERED as follows:

1.  Consistent with the terms of the settlement agreement between The United States, the State of Georgia, the Relators and Stanford Plavin, MD (the "Plavin Settlement Agreement"), the claims asserted by the Relators on behalf of the United States against Plavin that are based on the Covered Conduct as defined in Recital D of the Plavin Settlement Agreement are dismissed with prejudice.  Recital D of the Plavin Settlement Agreement specifically provides as follows:

3

D. The United States contends that it has certain civil claims against Plavin arising from the following alleged conduct in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA") and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b:

> (5)  Between January 1, 2005 and December 31, 2015, Plavin, on behalf of AAA and NAC and in conjunction with others, allegedly offered, paid, and/or caused to be offered or paid unlawful/illegal remuneration in return for referrals in connection with services provided at G.I. Diagnostics Endoscopy Center, LLC; DCA Diagnostics, LLC; Northwest Georgia Orthopaedic Surgery Center, LLC; the Center for Digestive & Liver Health (a/k/a the Endoscopy Center); Endoscopy Consultants, LLC; Georgia Endoscopy Center, LLC; and Wellbrook Endoscopy Center (collectively the "Federal ASCs"); and

> (6) Plavin on behalf of AAA and NAC and in conjunction with others, allegedly submitted and caused the submission of claims to federal healthcare programs for fees related to services provided at the Federal ASCs during the period from January 1, 2005 through December 31, 2015, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, due to the offer or payment of improper remuneration in return for referrals as set forth above in section (1).

2.  Consistent with the terms of the Plavin Settlement Agreement, the claims asserted by the Relators on behalf of Georgia against Plavin that are based on the Covered Conduct as defined in Recital E of the Plavin Settlement Agreement are dismissed with prejudice.  Recital E of the Plaivin Settlement Agreement specifically provides as follows:

4

E.     Georgia contends that it has certain civil claims against Plavin arising from the following alleged conduct in violation of the Georgia False Medicaid Claims Act ("GFMCA"), O.C.G.A. § 49-4-168 et seq., the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b and §§ 106(E) & (J) of the Part I Policies and Procedures Manual for Medicaid/Peachcare for Kids:

(1)     Between January 1, 2005 and December 31, 2015, Plavin, on behalf of AAA and NAC and in conjunction with others, allegedly offered, paid, and/or caused to be offered or paid unlawful/illegal remuneration in return for referrals in connection with services provided at DCA Diagnostics, LLC; Northwest Georgia Orthopaedic Surgery Center, LLC; the Center for Digestive & Liver Health (a/k/a the Endoscopy Center); Endoscopy Consultants, LLC; and Wellbrook Endoscopy Center (collectively the "Georgia ASCs"); and

(2)     Plavin, on behalf of AAA and NAC and in conjunction with others, allegedly submitted and caused the submission of claims to the Georgia Medicaid Program for fees related to services provided at the Georgia ASCs during the period from January 1, 2005 through December 31, 2015, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, due to the offer or payment of improper remuneration in return for referrals as set forth above in section (1).

3.  Consistent with the terms of the settlement agreement between

The United States, the State of Georgia, the Relators and ENDO (the "ENDO

Settlement Agreement"), the claims asserted by the Relators on behalf of the

United States against ENDO that are based on the Covered Conduct as

defined in Recital D of the ENDO Settlement Agreement are dismissed with

5

prejudice.  Recital D of the ENDO Settlement Agreement specifically provides as follows:

> D.      The United States contends that it has certain civil claims against ENDO arising from the following conduct in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA") and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b:
>
>> (1) From June 20, 2011 through December 1, 2015, ENDO received unlawful/illegal remuneration in the form of inappropriate lease payments and free labor provided by AAALLC to ENDO, in return for referrals in connection with services provided by AAAPC in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b; and
>>
>> (2) Between June 20, 2011 and December 1, 2015, ENDO submitted and caused the submission of claims to the Medicare programs arising from the unlawful/illegal remuneration set forth above in section (1).

4.  Consistent with the terms of the ENDO Settlement Agreement, the claims asserted by the Relators on behalf of Georgia against ENDO that are based on the Covered Conduct as defined in Recital E of the ENDO Settlement Agreement are dismissed with prejudice.  Recital E of the ENDO Settlement Agreement specifically provides as follows:

> E.      The State contends that it has certain civil claims against ENDO arising from the following conduct in violation of the Georgia False Medicaid Claims Act ("GFMCA"), O.C.G.A. § 49-4-168 et seq., the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b and §§ 106(E) & (J) of the Part I Policies and Procedures Manual for Medicaid/Peachcare for Kids:
>
>> (1) From June 20, 2011 through December 1, 2015, ENDO received unlawful/illegal remuneration in the form of inappropriate lease

payments and free labor provided by AAALLC to ENDO, in return for referrals in connection with services provided by AAAPC in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b and §§106(E) & (J) of the Part I Policies and Procedures Manual for Medicaid/Peachcare for Kids; and

(2) Between June 20, 2011 and December 1, 2015, ENDO submitted and caused the submission of claims to the Medicaid program arising from the unlawful/illegal remuneration set forth above in section (1).

5.   Consistent with the terms of the settlement agreement between

The United States, the State of Georgia, the Relators, NWGA and USPI (the

"NWGA Settlement Agreement"), the claims asserted by the Relators on

behalf of the United States against NWGA and USPI as defined in Recital G of

the NWGA Settlement Agreement are dismissed with prejudice.  Recital G of

the NWGA Settlement Agreement specifically provides as follows:

G. The United States contends that it has certain civil claims against the NWGA Parties [including NWGA and USPI] arising from the following conduct in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA") and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b:

(Z) From September 16, 2005 through October 31, 2013, the NWGA Parties received unlawful/illegal remuneration in the form of free labor, supplies and equipment provided by AAAPC and Ambulatory Anesthesia of Atlanta, L.L.C. ("AAALLC"), in return for referrals in connection with services provided by AAAPC and AAALLC in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b); and

    (8) Between September 16, 2005 and October 31, 2013, the NWGA
        Parties submitted and caused the submission of claims to the
        Medicare and Medicaid programs arising from the unlawful/illegal
        remuneration set forth above in section (1).

6.   Consistent with the terms of the NWGA Settlement Agreement, the claims

asserted by the Relators on behalf of Georgia against NWGA and USPI that

are based on the Covered Conduct as defined in Recital H of the NWGA

Settlement Agreement are dismissed with prejudice.  Recital H of the

NWGA Settlement Agreement specifically provides as follows:

> G. The State contends that it has certain civil claims against the NWGA
> Parties [including NWGA and USPI] arising from the following conduct
> in violation of the Georgia False Medicaid Claims Act ("GFMCA"),
> O.C.G.A. § 49-4-168, et seq., the Anti-Kickback Statute, 42 U.S.C. §
> 1320a-7b and § § 106(E) & (J) of the Part I Policies and Procedures
> Manual for Medicaid/Peachcare for Kids:
>
> > (5) From September 16, 2005 through October 31, 2013, the
> > NWGA Parties received unlawful/illegal remuneration in the
> > form of free labor, supplies and equipment provided by
> > AAAPC and AAALLC, in return for referrals in connection
> > with services provided by AAAPC and AAALLC in violation
> > of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b); and
>
> > (6) (2) Between September 16, 2005 and October 31, 2013, NWGA
> > submitted and caused the submission of claims to the
> > Medicaid program arising from the unlawful/illegal
> > remuneration set forth above in section (1).

7.   Consistent with the terms of the Settlement Agreement with the Wellbrook

Defendants, the claims asserted by the Relators on behalf of the United

States and the States of Georgia against the Wellbrook Defendants that are

based on the Covered Conduct as defined in Recital D of the Wellbrook

Settlement Agreement are dismissed with prejudice.  Recital D of the

Wellbrook Settlement Agreement specifically provides as follows:

> The United States and the State contend that they have civil claims
> against the Wellbrook Defendants arising from the following conduct in
> violation of the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), the
> Georgia False Medicaid Claims Act ("GFMCA"), O.C.G.A. § 49-4-168, et
> seq.; and §§ 106(E) & (J) of the Part I Policies and Procedures Manual for
> Medicaid/Peachcare for Kids:
>
>> (1)   From January 1, 2012 through October 31, 2015, the Wellbrook
>> Defendants solicited and received unlawful/illegal remuneration in
>> the form of monthly payments and free anesthesia monitors from
>> AAALLC in return for selecting AAALLC to be Wellbrook's
>> exclusive anesthesia provider in violation of the Anti-Kickback
>> Statute, 42 U.S.C. § 1320a-7b(b); and
>>
>> (2)   Between January 1, 2012 and October 31, 2015, the Wellbrook
>> Defendants submitted and caused the submission of claims to the
>> Medicare and Georgia Medicaid programs arising from the
>> unlawful/illegal remuneration set forth above in section (1).

That conduct is referred to below as the "Covered Conduct."

8.  All remaining claims asserted by the Relators on behalf of the Government are dismissed with prejudice to the Relators and without prejudice to the Government.

9.  All remaining claims asserted by the Relators for attorney's fees, costs and expenses under 31 U.S.C. § 3730(d) are dismissed with prejudice.

10. The Clerk is directed to enter judgment in this Case

IT IS SO ORDERED, this ___9th____ day of __November_____, 2021.


                              s/Steve C. Jones
                              _____
                              THE HONORABLE STEVE C. JONES
                              UNITED STATES DISTRICT JUDGE

Presented by:

Neeli Ben-David
Assistant U.S. Attorney

Sara Vann
Assistant Attorney General
(signed with express permission by
Neeli Ben-David)

J. Marc Vezina
(signed with express permission by
by Neeli Ben-David)

11